UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------- x

DAN FRIEDMAN,      :
        :
        Plaintiff,     :
        :
        - against -     :
        :
BLOOMBERG L.P.,     :
CHRISTOPHER DOLMETSCH,     :
ERIK LARSEN,     :
MICHAEL HYTHA,     :
ANDREW DUNN,     :
MILLTOWN PARTNERS,     :
PATRICK HARVERSEN,     :
D.J. COLLINS,     :
OLIVER RICKMAN,     :
PALLADYNE INTERNATIONAL ASSET     :
MANAGEMENT BV,     :
ISMAEL ABUDHER and     :
LILY YEO,     :
        ::
        Defendants.     :
        :
        :

---------------------------------------------------------- x

Civil Action No. 15-cv-00443 (AWT)

**ANSWER AND DEFENSES OF DEFENDANTS BLOOMBERG L.P., CHRISTOPHER DOLMETSCH, ERIK LARSON, MICHAEL HYTHA, AND <u>ANDREW DUNN</u>**

      Defendants Bloomberg L.P. ("Bloomberg"), Christopher Dolmetsch ("Dolmetsch"), Erik Larson (sued incorrectly herein as "Erik Larsen") ("Larson"), Michael Hytha ("Hytha") and Andrew Dunn ("Dunn") (collectively, the "Bloomberg Defendants"), by and through their undersigned counsel, The Law Office of Samuel M. Leaf, LLC and Davis Wright Tremaine LLP, hereby answer the complaint ("Complaint") of plaintiff Dan Friedman ("Plaintiff" or "Friedman"), as follows:

**Response to "Introduction"[1]**

      The "Introduction" section to the Complaint largely comprises legal conclusions and assertions pertaining to a separate lawsuit.  To the extent the allegations of the "Introduction"

---

[1] Bloomberg Defendants include the section headings from the Complaint in this Answer purely for ease of organization; to the extent those headings include any allegations of fact, Bloomberg Defendants deny each and every allegation thereof.

1

allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said section are deemed to be allegations of fact pertaining to Bloomberg Defendants, Bloomberg Defendants deny the allegations thereof.

### Response to "Parties"

1.      Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Complaint

2.      Bloomberg Defendants deny the allegations of paragraph 2 of the Complaint, except admit that Bloomberg is a limited partnership registered in Delaware that maintains its principal place of business at 731 Lexington Avenue, New York, and aver that Bloomberg has more than 2,700 journalists and analysis in more than 120 countries worldwide.

3.      Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the identities of unnamed defendants "John Does 1 through N," and what Plaintiff's intentions are with respect to amendment of the Complaint, but deny that any managing partners of Bloomberg are proper defendants in this case, and aver that Bloomberg has no "managing partners."

4.      To the extent the allegations of paragraph 4 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof, except admit that Dolmetsch is a reporter for Bloomberg, works out of Bloomberg's offices at 731 Lexington Avenue, New York, New York, and was a co-author of the article at issue in this lawsuit, which Bloomberg Defendants deny was defamatory; and Bloomberg Defendants aver that Dolmetsch is a reporter on the Legal Americas East Team.

5.      To the extent the allegations of paragraph 5 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of

said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof, except admit that Larson is a reporter for Bloomberg, works out of Bloomberg's offices at 731 Lexington Avenue, New York, New York, and was a co-author of the article at issue in this lawsuit, which Bloomberg Defendants deny is defamatory; and Bloomberg Defendants aver that Larson is a reporter on the Legal Americas East team.

6.       To the extent the allegations of paragraph 6 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof, except admit that Hytha is a an editor for Bloomberg, works at Pier 3, Suite 201, Embarcardero, San Francisco, California, and was an editor of the article at issue in this lawsuit, which Bloomberg Defendants deny is defamatory; and Bloomberg Defendants aver that Hytha is an editor on the Deals (Americas) team.

7.       To the extent the allegations of paragraph 7 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof, except admit that Dunn is an editor for Bloomberg, works at Bloomberg's offices at 731 Lexington Avenue, New York, New York, and was an editor of the article at issue in this lawsuit, which Bloomberg Defendants deny is defamatory; and Bloomberg Defendants aver that Dunn is an editor on the Cross-Asset Americas team.

8.       Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 of the Complaint.

9.       Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 of the Complaint.

10.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the Complaint.

11.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 of the Complaint.

12.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 of the Complaint.

13.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13 of the Complaint.

14.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 of the Complaint.

15.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 of the Complaint.

**Response to "Jurisdiction and Venue"**

16.     To the extent the allegations of paragraph 16 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the citizenship of all of the parties, and deny that Plaintiff is entitled to any damages, but do not contest the Court's subject matter jurisdiction of this case.

17.     To the extent the allegations of paragraph 17 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof, deny that this Court has general jurisdiction over Bloomberg, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations insofar as they

4

pertain to other defendants besides Bloomberg Defendants, but otherwise do not contest the Court's personal jurisdiction over Bloomberg Defendants in this case.

**Response to "The Sources of Defamation and Bloomberg's Indifference to Accuracy, Fairness, or Journalistic Ethics"**

18.     To the extent the allegations of paragraph 18 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants admit that Plaintiff's defamation claim is based on an article published on March 27, 2014 (the "Article"), on the website bloomberg.com, which is published and maintained by Bloomberg, but deny that any liability "emanates" from the publication of the Article.

19.     Bloomberg Defendants admit that a version of the Article is attached as Exhibit 1 to the Complaint and a complaint filed in this Court is attached as Exhibit 2 to the Complaint, aver that those documents speaks for themselves, and respectfully refer the Court to Exhibits 1 and 2 for their true contents.

20.     To the extent that paragraph 20 of the Complaint purports to summarize and quote from the Article, the Bloomberg Defendants aver that the Article speaks for itself, respectfully refer the Court to the document for its true contents, and otherwise deny the allegations of paragraph 20.

21.     To the extent that paragraph 21 of the Complaint purports to summarize and quote from the Article, the Bloomberg Defendants aver that the Article speaks for itself, respectfully refer the Court to the document for its true contents, and otherwise deny the allegations of paragraph 21.

22.     To the extent that paragraph 22 of the Complaint purports to summarize and quote from the Article, the Bloomberg Defendants aver that the Article speaks for itself, respectfully

4818-3157-6417v.3 3970124-000049

refer the Court to the document for its true contents, and otherwise deny the allegations of paragraph 22.

23.     Bloomberg Defendants deny the allegations of paragraph 23 of the Complaint.

24.     Bloomberg Defendants deny the allegations of paragraph 24 of the Complaint.

25.     Bloomberg Defendants deny the allegations of paragraph 25 of the Complaint.

26.     Bloomberg Defendants deny the allegations of paragraph 26 of the Complaint, and aver that the book, entitled "The Bloomberg Way: A Guide for Reporters and Editors" (John Wiley and Sons, 2014), speaks for itself, and respectfully refer the Court to the book for its true contents.

27.     Bloomberg Defendants deny the allegations of paragraph 27 of the Complaint, except admit that the four editors listed on the Article are Hytha, Dunn, Mary Romano and Fred Strasser.

28.     Bloomberg Defendants deny the allegations of paragraph 28 of the Complaint, except admit that Plaintiff's counsel contacted Bloomberg by sending the email attached as Exhibit 3 to the Complaint, aver that Exhibit 3 speaks for itself, and respectfully refer the Court to the document for its true contents.

29.     Bloomberg Defendants admit that Plaintiff's counsel contacted Dolmetsch, Larson, Hytha and Dunn by sending the email attached as Exhibit 3 to the Complaint, aver that Exhibit 3 speaks for itself, respectfully refer the Court to the document for its true contents, and otherwise deny the allegations of paragraph 29 of the Complaint.

30.     To the extent that paragraph 30 of the Complaint purports to summarize and quote from the email attached as Exhibit 3 to the Complaint, Bloomberg Defendants aver that Exhibit 3

4818-3157-6417v.3 3970124-000049

speaks for itself, respectfully refer the Court to the document for its true contents, and otherwise deny the allegations of paragraph 30.

31.     To the extent the allegations of paragraph 31 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Defendants deny the allegations thereof.

32.     To the extent that paragraph 32 of the Complaint purports to summarize and quote from the email attached as Exhibit 3 to the Complaint, Bloomberg Defendants aver that Exhibit 3 speaks for itself, respectfully refer the Court to the document for its true contents, and otherwise deny the allegations of paragraph 32.

33.     To the extent that paragraph 33 of the Complaint purports to summarize and quote from the email attached as Exhibit 3 to the Complaint, Bloomberg Defendants aver that Exhibit 3 speaks for itself, respectfully refer the Court to the document for its true contents, and otherwise deny the allegations of paragraph 33, except deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations of the reasons Plaintiff "had attempted settlement."

34.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 34 of the Complaint.

35.     Bloomberg Defendants deny the allegations of paragraph 35 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations of what Plaintiff "learned" and when he "learned" it.

36.     To the extent that paragraph 36 of the Complaint purports to summarize and quote from the email attached as Exhibit 3 to the Complaint, Bloomberg Defendants aver that Exhibit 3 speaks for itself, respectfully refer the Court to the document for its true contents, and otherwise deny the allegations of paragraph 36, except deny knowledge or information sufficient to form a

4818-3157-6417v.3 3970124-000049

belief as to the truth or falsity of allegations of the reasons why Plaintiff's counsel made the statements contained in the email attached as Exhibit 3.

37.     To the extent that paragraph 37 of the Complaint purports to summarize and quote from the Article, Bloomberg Defendants aver that the Article speaks for itself, respectfully refer the Court to the document for its true contents, and otherwise deny the allegations of paragraph 37.

38.     Bloomberg Defendants deny the allegations of paragraph 38 of the Complaint.

39.     To the extent the allegations of paragraph 39 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof, except deny knowledge or information sufficient to form a belief as to the truth or falsity of what Plaintiff hypothetically "would have explained" at any particular time.

40.     To the extent the allegations of paragraph 40 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof, except deny knowledge or information sufficient to form a belief as to the truth or falsity of what Plaintiff hypothetically "would have … been able to express" at any particular time.

41.     Bloomberg Defendants deny the allegations of paragraph 41 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of what Plaintiff hypothetically "would have … explained" at any particular time.

42.     Bloomberg Defendants admit that Hytha sent Plaintiff's counsel the email attached as Exhibit 4 to the Complaint, aver that Exhibit 4 speaks for itself, respectfully refer the Court to the document for its true contents, and otherwise deny the allegations of paragraph 42.

43.     Bloomberg Defendants admit that Hytha received the email attached as Exhibit 5 to the Complaint, aver that Exhibit 5 speaks for itself, respectfully refer the Court to the document for its true contents, and otherwise deny the allegations of paragraph 43 of the Complaint.

44.     To the extent the allegations of paragraph 44 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants admit that Hytha received the email attached as Exhibit 6 to the Complaint, aver that Exhibit 6 speaks for itself, respectfully refer the Court to the document for its true contents, and otherwise deny the allegations of paragraph 44.

45.     To the extent that paragraph 45 of the Complaint purports to summarize and quote from the email attached as Exhibit 6 to the Complaint, Bloomberg Defendants aver that Exhibit 6 speaks for itself, respectfully refer the Court to the document for its true contents, and otherwise deny the allegations of paragraph 45.

46.     Bloomberg Defendants deny the allegations of paragraph 46 of the Complaint.

47.     Bloomberg Defendants admit that Hytha received the email attached as Exhibit 7 to the Complaint, aver that Exhibit 7 speaks for itself, respectfully refer the Court to the document for its true contents, and otherwise deny the allegations of paragraph 47.

48.     Bloomberg Defendants deny the allegations of paragraph 48 of the Complaint.

### Response to "Palladyne Engages Crisis Management Advisor To Counteract Mounting Negative Publicity"

49.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 49 of the Complaint.

4818-3157-6417v.3 3970124-000049

50.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 50 of the Complaint.

51.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 51 of the Complaint.

52.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 52 of the Complaint.

53.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 53 of the Complaint.

54.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 54 of the Complaint.

55.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 55 of the Complaint.

56.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 56 of the Complaint.

57.     Bloomberg Defendants admit that Friedman filed what he defines as the "Inducement complaint" on March 25, 2014, and that there were news stories published about that complaint, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations of paragraph 57 of the Complaint.

### Response to "The Source of the Defamation Is Identified"

58.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 58 of the Complaint.

59.     Bloomberg Defendants deny the allegations of paragraph 59 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning what information Plaintiff "independently sought" and why.

60.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 60 of the Complaint.

61.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 61 of the Complaint.

62.     To the extent the allegations of paragraph 62 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants admit that they received and published information from one or more of the Milltown and Palladyne defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about the source of information published by any other entities, otherwise deny the allegations of paragraph 62, and aver that other publications covering Plaintiff's lawsuit did include the statements at issue in this case in the articles they published.

63.     To the extent the allegations of paragraph 63 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the reasons Plaintiff chose to sue or not sue any other party, and otherwise deny the allegations of paragraph 63.

### Response to "COUNT I: DEFAMATION (against all defendants)"

64.     To the extent the allegations of paragraph 64 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

11

65.     Bloomberg Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 65 of the Complaint, except admit that the Article was published on the Internet.

66.     The allegations of paragraph 66 of the Complaint allege pure conclusions of law, to which Bloomberg Defendants are not required to plead.   Bloomberg Defendants aver that the Court has already ruled that the defamation claim is governed by New York law, *see Friedman v. Bloomberg*, 180 F. Supp. 3d 137, 149 (D. Conn. 2016), and deny that they are liable for defamation under either Connecticut or New York law.

67.     The allegations of paragraph 67 of the Complaint allege pure conclusions of law, to which Defendants are not required to plead; Bloomberg Defendants deny that they are liable for defamation under New York law.

68.     To the extent the allegations of paragraph 68 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants admit that Bloomberg employees communicated with one or more of the Palladyne and Milltown defendants in the last week of March, 2014 and that Bloomberg's publications have a worldwide readership, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding other publications' communications, and otherwise deny the allegations of paragraph 68.

69.     To the extent the allegations of paragraph 69 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

12

70.     To the extent the allegations of paragraph 70 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

71.     To the extent the allegations of paragraph 71 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

72.     To the extent the allegations of paragraph 72 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

73.     To the extent the allegations of paragraph 73 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

74.     To the extent the allegations of paragraph 74 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

75.     To the extent the allegations of paragraph 75 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of

said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

76.     To the extent the allegations of paragraph 76 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

77.     To the extent the allegations of paragraph 77 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

78.     To the extent the allegations of paragraph 78 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

79.     Bloomberg Defendants deny the allegations of paragraph 79 of the Complaint.

80.     To the extent the allegations of paragraph 80 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof and deny that Plaintiff is entitled to the relief he seeks.

### Response to "COUNT II PUNITIVE DAMAGES (against all defendants)"

81.     Bloomberg Defendants repeat and reallege their responses set forth above in paragraphs 1 through 80 as if fully set forth herein.

82.     To the extent the allegations of paragraph 82 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of

14

said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof, except admit that Bloomberg published the Article from its headquarters in New York.

83.      To the extent the allegations of paragraph 83 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

84.      To the extent the allegations of paragraph 84 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

85.      The allegations of paragraph 85 of the Complaint allege pure conclusions of law, to which Bloomberg Defendants are not required to plead.  Bloomberg Defendants deny any liability for damages—punitive or otherwise—to Plaintiff.

86.      To the extent the allegations of paragraph 86 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny that they published any actionable defamatory statements, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about the Milltown and Palladyne defendants.

87.      To the extent the allegations of paragraph 87 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

88.     To the extent the allegations of paragraph 88 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

89.     Bloomberg Defendants admit they are part of a publishing enterprise that employs and retains legal counsel, and otherwise deny the allegations of paragraph 89 of the Complaint.

90.     To the extent the allegations of paragraph 90 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

91.     To the extent the allegations of paragraph 91 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

92.     To the extent the allegations of paragraph 92 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

93.     To the extent the allegations of paragraph 93 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

4818-3157-6417v.3 3970124-000049

94.     To the extent the allegations of paragraph 94 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

95.     To the extent the allegations of paragraph 95 of the Complaint allege conclusions of law, Bloomberg Defendants are not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, Bloomberg Defendants deny the allegations thereof.

## PLAINTIFFS' PRAYER FOR RELIEF

Bloomberg Defendants deny that Plaintiff is entitled to any type of remedy, relief or damages, including the relief requested in Plaintiff's Prayer for Relief.

## DEFENSES

By pleading the defenses set forth below, Bloomberg Defendants do not admit that it bears the burden of proof on all or any of the aforesaid defenses, and reserves all rights with respect to allocation of the burden of proof under law.  Bloomberg Defendants reserve the right to amend its Answer and Defenses to assert such additional defenses as may later become available or apparent to them.

## AS AND FOR A FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

Plaintiff's' claims are barred in whole or in part because Defendants' actions are protected by the First and Fourteenth Amendments to the Constitution of the United States, and/or Article I, Section 8 of the New York State Constitution.

17

## AS AND FOR A THIRD DEFENSE

Plaintiff's claims are barred in whole or in part under the fair report privilege under the common law and as set forth in New York Civil Rights Law § 74.

## AS AND FOR A FOURTH DEFENSE

The statements complained of in the Complaint are not defamatory statements of fact, or are not reasonably capable of defamatory meaning or susceptible to a defamatory interpretation or implication, and thus cannot give rise to any claim against Defendants.

## AS AND FOR A FIFTH DEFENSE

The statements complained of in the Complaint are not actionable because they are substantially true, and thus they cannot give rise to any claim against Defendants.

## AS AND FOR A SIXTH DEFENSE

The statements complained of in the Complaint are not actionable because they constitute non-actionable opinion.

## AS AND FOR A SEVENTH DEFENSE

Plaintiff fails to properly allege libel *per se* and fails to properly allege the requisite special damages.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiff is a public figure (either voluntary or involuntary) and the statements in suit were not published with actual malice.

## AS AND FOR A NINTH DEFENSE

The statements in suit involve matters within the sphere of legitimate public concern and were published without gross irresponsibility.

## AS AND FOR A TENTH DEFENSE

To the extent that Plaintiff challenges any statements as purported implications, Plaintiff's claims fail because he cannot assert facts sufficient to show that the implication was intended or endorsed.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiff's claims fail because any injury or damages suffered by Plaintiff, which injury or damages Defendants expressly deny, were proximately or directly caused, in whole or in part, by the actions of others over whom Defendants had no control, including Plaintiff himself.

## AS AND FOR A TWELFTH DEFENSE

Plaintiff's claims fail because he failed to mitigate injury or damages, which injury or damages Defendants expressly deny.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiff's claim for punitive damages fails because Plaintiff cannot assert facts sufficient to show either actual malice or ill-will, both of which are required to warrant the imposition of punitive damages.

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred by the Constitution of the United States and the governing state Constitution and the common law.

## AS AND FOR A FIFTEENTH DEFENSE

Some or all of the allegedly defamatory statements complained of by Plaintiff do not assert verifiably false facts, and/or constitute rhetorical hyperbole or subjective statements of opinion, and thus cannot give rise to any claim against Defendants.

4818-3157-6417v.3 3970124-000049

## AS AND FOR A SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of neutral reportage.

## AS AND FOR A SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the allegedly actionable statement, statements, or implications complained of by Plaintiff are protected by the doctrine of fair comment.

## AS AND FOR AN EIGHTTEENTH DEFENSE

Plaintiff's claim is barred in whole or in part by the incremental harm and/or "libel-proof plaintiff" doctrines.

## AS AND FOR A NINETEENTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because plaintiff's damages, if any, are vague, uncertain, imaginary, and speculative.

## RELIEF REQUESTED

WHEREFORE, Bloomberg Defendants respectfully request the following relief:

1.      A judgment in favor of Bloomberg Defendants denying Plaintiffs all relief requested in his Complaint in this action and dismissing Plaintiffs' Complaint with prejudice;

2.      That Bloomberg Defendants be awarded their costs of suit; and

3.      That the Court award Bloomberg Defendants such other and further relief as the Court deems just and proper.


Dated:  New York, New York
        April 16, 2018

                        LAW OFFICE OF SAMUEL M. LEAF, LLC

                        /s/ Samuel M. Leaf_____
                                Samuel M. Leaf (ct29650)
                        1 Cross Brook Lane
                        Westport, CT 06880

4818-3157-6417v.3 3970124-000049

Phone:  (646) 584-4486
Email:  sleaf@samuelmleaf.com


DAVIS WRIGHT TREMAINE LLP


/s/ Laura R. Handman
Laura R. Handman (*pro hac vice* pending)
Eric J. Feder (*pro hac vice* pending)

1251 Avenue of the Americas, 21st floor
New York, New York 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340
Email: laurahandman@dwt.com
Email: ericfeder@dwt.com

*Attorneys for Defendants Bloomberg LP, Christopher
Dolmetsch, Erik Larson, Michael Hytha and Andrew
Dunn*

21