```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------- x
DAN FRIEDMAN,                   :
                                :
        Plaintiff,              :  Civil No. 3:15-cv-443 (AWT)
                                :
             v.                 :
                                :
BLOOMBERG L.P., CHRISTOPHER     :
DOLMETSCH, ERIC LARSEN, MICHAEL :
HYTHA, and ANDREW DUNN, MILLTOWN:
PARTNERS, PATRICK HARVERSEN,    :
D.J. COLLINS, OLIVER RICKMAN,   :
PALLADYNE INTERNATIONAL ASSET   :
MANAGEMENT B.V., ISMAEL ABUDHER,:
and LILY YEO,                   :
                                :
        Defendants.             :
------------------------------- x
```

**ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO FILE
RULE 72 OBJECTION *NUNC PRO TUNC*__**

For the reasons set forth below, Plaintiff's Motion for Leave to File Rule 72 Objection Nunc Pro Tunc ("Motion for Leave") (ECF No. 166-1) is hereby DENIED.

Plaintiff Dan Friedman seeks leave to file an untimely Rule 72 objection to the magistrate judge's Order on Defendants' Motion to Compel (ECF No. 143) in which the defendants' motion to compel Friedman to produce certain documents (filed by defendants Bloomberg L.P., Chris Dolmetsch, Erik Larson, Michael Hytha, and Andrew Dunn) (see ECF No. 109) was granted in part.

Friedman states that "[t]his request is made to accommodate a serious, temporarily debilitating medical condition impacting

the ability of plaintiff's lead counsel to work." Mot. for Leave at 1-2. He states that the objection could not be completed because plaintiff's lead counsel had a fall in an airport on October 20, 2019. He explains:

> In the normal course a motion for extension would have been filed, but a specific date for filing could not be requested and an indefinite extension request would not have been either accurate or helpful. There was no predictable end date to the . . . [consequences of the medical condition], and co-counsel was immersed in multiple other cases with deadlines. The option was to wait until there was a reduction of the intensity of the symptoms to file.

Id. at 2.

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "To determine whether a party's neglect is excusable, a district court should take into account: '[1] the danger of unfair prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.'" Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004) (quoting Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). Here, assuming arguendo that the first and second factors have a neutral impact

-2-

on the court's analysis, the third and fourth factors weigh so heavily against a finding of excusable neglect as to be controlling. See Silvanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) ("[D]espite the flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, we and other circuits have focused on the third factor[.]"); In re Bulk Oil (USA) Inc., No. 89-B-13380, 2007 WL 1121739, at *6-8 (S.D.N.Y. Apr. 11, 2007) ("The Second Circuit has . . . refused to find excusable neglect in cases where the moving party has failed to provide a valid explanation for its delay.") (collecting cases).

The original deadline for the plaintiff to file his objection was September 14, 2019. See ECF No. 158-1 at 6. On September 13, 2019, the plaintiff filed a consented-to motion to extend the deadline to October 3, 2019, which was granted by the court. See ECF Nos. 146, 149. On October 3, 2019, he filed a second consented-to motion to extend the deadline to October 9, 2019, which was granted by the court. See ECF Nos. 151, 152. Finally, on October 8, 2019, he filed a third consented-to motion to extend the deadline to October 14, 2019, which was granted by the court. See ECF Nos. 153, 154.

The plaintiff did not file an objection by October 14, 2019. On October 17, 2019, plaintiff's lead counsel sent an email to

defendants' counsel stating that he would be "putting in a nunc pro tunc filing [that day] or [the next day]." Mem. of Law in Support of Defs.' Mot. for Order to Show Cause ("Mem.") at 8, ECF No. 158-1. He failed to do so. But on October 4, 2019, the plaintiff had filed a notice of appeal of the dismissal of a related lawsuit before the court. See Friedman v. SThree Plc. et al (the "Palladyne Lawsuit"), No. 3:14-cv-378 (AWT), ECF No. 366. Then, on November 4, 2019, the plaintiff filed forms before the Court of Appeals in connection with that appeal. During this period, the plaintiff did not file an objection, nor did he request a retroactive extension of the due date for filing an objection.

On November 7, 2019, plaintiff's lead counsel advised counsel for the defendants that he would "finish up the Rule 72 papers for filing over the weekend on a nunc pro tunc basis." Mem. at 9. Counsel for the defendants responded on November 10, 2010 stating that the plaintiff "should file whatever [he] wish[es] with the Court but our client is not consenting to a further extension, given that the decision was issued back in August." Id. The weekend passed without the plaintiff filing either an objection or any request for retroactive extension of the due date for an objection.

On November 12, 2019, counsel for the defendants wrote an email to plaintiff's counsel stating:

> As you have not filed an objection to the magistrate's order of August 30 granting our motion to compel, and the deadline to do so (already extended three times) has

-4-

>     long since passed, please produce the documents at issue
>     in the motion no later than close of business this
>     Friday, November 15, 2019.  (Since you already provided
>     the documents to the court for in camera review, we
>     presume it will not take very long to add bates stamps
>     and produce them to us.)  If you decline to comply with
>     the court's order compelling production of these
>     documents, we will have to seek relief from the judge.

Id.

On November 16, 2019, the plaintiff filed a notice of appeal in the Palladyne Lawsuit with respect to an order imposing sanctions for failure to comply with discovery obligations. See Palladyne Lawsuit, ECF No. 370. On November 18, 2019, plaintiff's lead counsel advised counsel for the defendants that he would get back to them by the next day about their request that he comply with the order. However, the plaintiff did not comply with the order, did not file an objection, and did not file a request for retroactive extension of the due date for filing an objection.

The plaintiff filed the instant motion on January 14, 2020, only after the defendants had moved, on November 27, 2019, for an order to show cause why the plaintiff should not be sanctioned for failure to comply with the magistrate's order and the plaintiff had filed his opposition to that motion on December 23, 2019.

As an initial matter, the court notes that the deadline for filing the objection was extended only to October 14, 2019 and plaintiff's lead counsel suffered his fall on October 20, 2019. So the October 14, 2019 deadline to file an objection had already

passed six days earlier. But neither an objection nor a fourth motion for extension of time had been filed as of October 20, 2019.

Moreover, as plaintiff's lead counsel represented to counsel for the defendants in his October 17, 2019 email, he was working with his co-counsel on an objection and there is no valid explanation for why his co-counsel, who has had an appearance in this case since it was filed, was unable to complete an objection or at least file a fourth motion for extension of time. The plaintiff states that "co-counsel was immersed in multiple other cases with deadlines." Mot. for Leave at 2. But "[o]ther legal work is not a reasonable excuse for failure to meet federal litigation deadlines, and it is certainly not a reasonable excuse for failing to request an extension of time prior to expiration of the original deadline." Jones v. E. Hartford Police Dep't, No. 13-cv-1007, 2016 WL 1273170, at *7 (D. Conn. Mar. 31, 2016); see also Shields v. Vivus, Inc., No. 09-cv-5495, 2010 WL 2816881, at *4 (S.D.N.Y. July 16, 2010) (noting that court "does not accept work on other matters as a valid excuse" for failing to make timely filings); Mason v. Schriver, No. 96-cv-6942, 1999 WL 498221, at *3 (S.D.N.Y. July 13, 1999) ("Preoccupation with another trial and mere oversight [of the deadline] are not reasons for delay that are sufficient to satisfy the standard for excusable neglect.") (citing Canfield v. Van Atta Buick/GMC Truck Inc., 127 F.3d 248, 251 (2d Cir. 1997)).

The court concludes that the plaintiff has failed to provide a valid explanation for his delay in filing an objection and cannot conclude that he acted in good faith. The plaintiff suggests that "the option" was to wait until what turned out to be January 14, 2020 to file the instant motion with the proposed objection attached. However, the plaintiff had other options. The plaintiff could have filed a fourth motion for extension of time in which to file an objection even though he knew it would be opposed by the defendants. It appears that he expected that such a motion would be denied by the court, and consequently, adopted a different strategy for obtaining an extension -- namely, the course of conduct he pursued here. It is apparent from the fact that plaintiff's counsel worked on other matters in this case and a related case over which the undersigned is presiding that he had both the ability and the time to file a fourth motion for extension of time. Also, if we accept at face value the representations by plaintiff's lead counsel to counsel for the defendants in his October 17, 2019 email to the effect that his co-counsel "ha[d] a penultimate draft for review and then we [had] to do some double redactions," Mem. at 8, he also had the ability and the time to file an objection.

It is so ordered.

Dated this 14th day of September 2020, at Hartford, Connecticut.

                                                  /s/ AWT
                                        Alvin W. Thompson
                               United States District Judge