**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------ x
DAN FRIEDMAN,                   :
                                :
          Plaintiff,            :
                                :
v.                              :
                                : Civil No. 3:15-cv-443 (AWT)
BLOOMBERG, L.P., CHRISTOPHER     :
DOLMETSCH, ERIK LARSEN, MICHAEL :
HYTHA, and ANDREW DUNN,         :
                                :
          Defendants.           :
------------------------------ x
```

**ORDER STRIKING PLAINTIFF'S FILINGS**

For the reasons set forth below, the court strikes
Plaintiff's Objection to Motion to Compel (ECF No. 245) and
Plaintiff's Fed. R. Civ. P. 60 Motion to Modify or Vacate (ECF
No. 249).

**I.   BACKGROUND**

The plaintiff is represented by Attorney Kaufman and by
Attorney Grygiel in this case and also in Friedman v. SThree
plc., No. 3:14-cv-378 (D. Conn.) (the "Palladyne Case"). In the
Palladyne Case, on October 24, 2016 the court "determined that
plaintiff has failed to adequately respond to the defendants'
discovery requests and to comply with the Court's orders, and
that sanctions are therefore appropriate." Friedman v. SThree
plc., 2016 WL 7374546, *1 (D. Conn. Oct. 24, 2016). The court
found that "[t]hroughout the course of jurisdictional discovery

-1-

in this matter, plaintiff has repeatedly represented that all responsive documents had been produced, when in fact, complete searches were not conducted." Id. at *7. The court also found that "[d]efendants' effort at obtaining jurisdictional discovery have been repeatedly frustrated by plaintiff's counsel's contradictory representations, late and incomplete productions, and failure to oversee the searches and production of discovery." Id. Accordingly, the court concluded that "defendants are entitled to costs and fees as a sanction for plaintiff's conduct" and, with a two-day grace period, sanctioned the plaintiff $150 "for each business day that the plaintiff fails to produce either the materials sought or a certification that such materials are no longer in existence." Id. at *8. The plaintiff never filed an objection to the order. In the months that followed, the court made clear that the plaintiff's counsel could be held jointly and severally liable for sanctions because he was at fault. See Friedman v. Radujko, 854 Fed. App'x 390, 393 (2d Cir. 2021).

On September 15, 2017, the court granted "that portion of the Palladyne defendants' motion that seeks to hold plaintiff's counsel Alan H. Kaufman jointly and severally liable for the monetary sanctions, fees and costs that are imposed by this Order." Friedman v. SThree plc., 2017 WL 4082678, *16 (D. Conn. Sept. 15, 2017). The court ordered the plaintiff and Attorney

Kaufman to pay $30,291.37 to the defendants and to the court. Id. The court twice granted extensions of time for filing an objection to the magistrate judge's ruling. See ECF Nos. 316, 318, 320, 321, Friedman v. SThree plc., No. 3:14-cv-378 (D. Conn.). In the second order granting an extension of time, the court set October 17, 2021 as the new deadline for the plaintiff to file an objection and stated that "[n]o further extensions will be granted." ECF No. 321. On October 17, 2021, the plaintiff nevertheless again moved for an extension of time (ECF No. 324). The court denied that motion on October 20, 2017. See ECF No. 330. The plaintiff then filed an objection to the magistrate judge's ruling on October 27, 2017--ten days after the deadline. See ECF No. 335.

On October 9, 2019, the court denied the plaintiff's objection. See Order re Pl.'s Obj. to Sanctions Order (ECF No. 368), Friedman v. SThree plc., No. 3:14-cv-378 (D. Conn. Oct. 9, 2019). The court found that "the plaintiff's contentions lack merit and have as their foundation either mischaracterizations of the record and/or willfully ignoring portions of the record that are unfavorable to him," and affirmed the magistrate judge's ruling. Id. at 5.

On appeal, the Court of Appeals held that "Friedman's counsel had ample notice that he could be held jointly and severally liable for the sanctionable conduct of his client" and

"affirm[ed] the district court's order dismissing Friedman's objection to the magistrate judge's sanctions order and its ruling on sanctions." <u>Friedman</u>, 854 Fed. App'x at 393-94. The Mandate issued on October 5, 2021. <u>See</u> ECF No. 372.

In this case, the defendants have moved to compel the plaintiff to pay attorney's fees pursuant to the court's February 17, 2021 order. <u>See</u> Defs.' Mot. to Compel Payment of Sanctions in Compliance with Court Order (ECF No. 234). The defendants report that the sanctions imposed in the Palladyne Case remain unpaid. <u>See</u> Supp. Feder Decl. (ECF No. 256-1) at ¶ 10 ("[C]ounsel for the Palladyne Defendants confirmed that, as of today, February 25, 2022, neither Plaintiff nor Mr. Kaufman had paid the sanctions imposed in that case nor had they heard from Plaintiff or Mr. Kaufman to arrange for such payment."). Nothing in the record in the Palladyne Case or in this case shows that the sanctions have been paid since.

## II.  DISCUSSION

Local Rule 16(g)(2) provides that:

> No attorney or litigant against whom a final order of monetary sanctions has been imposed may file any pleading or other document until the sanctions have been paid in full. Pending payment, such attorney or litigant also may be barred from appearing in court. An order imposing monetary sanctions becomes final for the purposes of this local rule when the Court of Appeals issues its mandate or the time for filing an appeal expires.

D. Conn. Civ. R. 16(g)(2). In the Palladyne Case, the court imposed an order of monetary sanctions that held the plaintiff and Attorney Kaufman "jointly and severally liable for the monetary sanctions imposed by the Court." Friedman, 2017 WL 4082678, at *16. That order then became final for purposes of Local Rule 16(g)(2) when the Mandate was issued on October 5, 2021. See Mandate (ECF No. 372), Friedman v. SThree plc., No. 3:14-cv-378 (D. Conn. Oct. 5, 2021).

Thus, since October 5, 2021, the plaintiff and Attorney Kaufman have been prohibited from "fil[ing] any pleading or other document until the sanctions have been paid in full." D. Conn. Civ. R. 16(g)(2). Likewise, no pleadings or other documents may be filed on their behalf, including by Attorney Grygiel.

**III. CONCLUSION**

Accordingly:

(1)  Pursuant to D. Conn. Civ. R. 16(g)(2), the court strikes the plaintiff's objection to the defendants' motion to compel (ECF No. 245), filed on December 21, 2021, and the plaintiff's motion to modify or vacate (ECF No. 249), filed on January 24, 2022.

(2)  Pursuant to D. Conn. Civ. R. 16(g)(2), until a notice is filed that the sanctions entered in Friedman v. SThree plc., No. 3:14-cv-378, aff'd, Friedman v. Radujko, 854

Fed. App'x 390 (2d Cir. 2021), have been paid in full, Dan Friedman is prohibited from filing any pleadings or other documents in any case in this court, except for such a notice. The court will strike any prohibited filings made by Dan Friedman.

(3)   Pursuant to D. Conn. Civ. R. 16(g)(2), until a notice is filed that the sanctions entered in Friedman v. SThree plc., No. 3:14-cv-378, aff'd, Friedman v. Radujko, 854 Fed. App'x 390 (2d Cir. 2021), have been paid in full, Alan H. Kaufman is prohibited from filing any pleadings or other documents in any case in this court, except for such a notice. The court will strike any prohibited filings made by Alan H. Kaufman.

(4)   Pursuant to D. Conn. Civ. R. 16(g)(2), until a notice is filed that the sanctions entered in Friedman v. SThree plc., No. 3:14-cv-378, aff'd, Friedman v. Radujko, 854 Fed. App'x 390 (2d Cir. 2021), have been paid in full, Alan H. Kaufman is barred from appearing as an attorney in any matter in this court except for this case.

It is so ordered.

Dated this 3rd day of March 2022, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge

-6-