```
                         UNITED STATES DISTRICT COURT
                           DISTRICT OF CONNECTICUT

-------------------------------- x
DAN FRIEDMAN,                    :
                                 :
          Plaintiff,             :
                                 :
v.                               :
                                 : Civil No. 3:15-cv-443 (AWT)
BLOOMBERG, L.P., CHRISTOPHER     :
DOLMETSCH, ERIK LARSEN, MICHAEL  :
HYTHA, and ANDREW DUNN,          :
                                 :
          Defendants.            :
-------------------------------- x
```

## ORDER RE MOTION TO AMEND

For the reasons set forth below, Defendants' Motion for Leave to File Amended Answer and Counterclaim (ECF No. 250) is hereby DENIED.

Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course. "In all other cases, a party may amend its pleading only with the opposing party's written consent or with the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008).

The defendants' amendment would be futile because New York's anti-SLAPP statute conflicts with the Federal Rules of Civil Procedure. As courts in the Southern District of New York have explained, "the 'substantial basis' standard articulated in New York's anti-SLAPP law" is inapplicable in federal court because it "conflicts with the standards under Federal Rules of civil Procedure 12 and 56" and impermissibly "imposes a different, and higher, burden on the plaintiff at the pleading stage than the Federal Rules of Civil Procedure." Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc., 551 F.Supp.3d 408, 431-32 (S.D.N.Y. 2021). See also Carroll v. Trump, ___ F.Supp.3d ____, 2022 WL 748128, at *4-7 (S.D.N.Y. Mar. 11, 2022); Kessner v. Buhl, 2022 WL 718840, at *16-18 (S.D.N.Y. Mar. 10, 2022). The court agrees with their analysis.

It is so ordered.

Dated this 4th day of April 2022, at Hartford, Connecticut.

                                              /s/AWT
                                    Alvin W. Thompson
                             United States District Judge