## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------- x
DAN FRIEDMAN,                   :
                               :
        Plaintiff,             :
                               :
v.                             :
                               :  Civil No. 3:15-cv-443 (AWT)
                               :
BLOOMBERG, L.P., CHRISTOPHER    :
DOLMETSCH, ERIK LARSEN, MICHAEL :
HYTHA, and ANDREW DUNN,         :
                               :
        Defendants.            :
------------------------------- x
```

### ORDER RE MOTION TO COMPEL PAYMENT OF SANCTIONS

For the reasons set forth below, Defendants' Motion to Compel Payment of Sanctions in Compliance with Court Order (ECF No. 234) is hereby GRANTED.

### I.    BACKGROUND

On November 29, 2018, after requesting discovery from the plaintiff on several matters, the defendants moved the court to compel the plaintiff to produce the plaintiff's tax returns, resume, certain communications to his former employer or others regarding another lawsuit brought by the plaintiff, and copies of oral and written testimony that the plaintiff gave in that suit. See Defs.' Mot. to Compel Production (ECF No. 109) at 19. The defendants also requested attorney's fees pursuant to Rule 37. See Fed. R. Civ. P. 37(a)(5) (requiring a party, deponent, and/or attorney to pay "reasonable expenses incurred in making

-1-

the motion" if the motion is granted or discovery is provided after the motion is filed). On May 3, 2019, the court ordered the plaintiff to produce, by May 17, 2019, certain specific communications for in camera review, a privilege log to both the court and the defendant, and notice as to the designation status of the requested depositions. <u>See</u> Order on Defs.' Mot. to Compel (ECF No. 137). The plaintiff failed to comply, and on May 22, 2019, the court issued an order for the plaintiff to show cause by May 31, 2019 why sanctions should not issue against the plaintiff for failure to comply with the court's order. <u>See</u> Order to Show Cause (ECF No. 138). On June 3, 2019, after the deadline had passed, the plaintiff filed a statement attributing his late filing to the fact that "counsel for Mr. Friedman was in Europe and North Africa on three separate matters" and that a prepared and consented-to motion to extend discovery--not filed until eight days after the statement--was delayed due to "intensive work on the cases abroad and the fog of jetlag upon return." Pl.'s Statement of Compliance and Resp. to Show Cause Order (ECF No. 139) at 2-3. The court ultimately ruled on the defendants' motion to compel on August 30, 2019 and directed the plaintiff "to turn over all communications with journalists" since they were not privileged. Order on Defs.' Mot. to Compel (ECF No. 143) at 8.

In September and October 2019, the plaintiff filed several

motions for extension of time to object to the magistrate judge's order under Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy."). See ECF Nos. 146, 151, 153. All were granted, and the plaintiff's objection was due on October 14, 2019. See ECF Nos. 149, 152, 154. The objection was not filed, nor was any motion for extension of time.

On November 27, 2019, the defendants filed a motion for an order to show cause asking the court to order the plaintiff to comply with the court's Order on Defendants' Motion to Compel (ECF No. 143) or show cause "why sanctions should not issue against him for his noncompliance with the Order." Defs.' Mot. for Order to Show Cause (ECF No. 158) at 1. The defendants also moved for reimbursement of attorney's fees and costs. Id. The plaintiff objected on December 23, 2019 and noted that he "will be filing [his] [Rule 72] Objection and a nunc pro tunc motion seeking leave to file contemporaneous with this opposition." Pl.'s Opp. to Defs.' Rule 37 Mot. for Sanctions (ECF No. 163) at 1 n.1. It was not until January 14, 2020 that the plaintiff filed a motion for leave to file an objection under Rule 72, stating that counsel's fall at an airport on October 20, 2019-- six days after the Rule 72 objection was due on October 14-- prevented him from filing an objection or a motion for an extension of time by October 14, 2019. See Pl.'s Mot. for Leave

to File Rule 72 Obj. Nunc Pro Tunc (ECF No. 166-1).

On September 14, 2020, the court denied the plaintiff's motion for leave to file his Rule 72 objection and concluded that "the plaintiff has failed to provide a valid explanation for his delay in filing an objection and cannot conclude that he acted in good faith." Order re Pl.'s Mot. for Leave to File Rule 72 Obj. Nunc Pro Tunc (ECF No. 184) at 7. The court also issued an order regarding the defendants' motion for an order to show cause which directed the plaintiff to "comply with the Order [at ECF No. 143] no later than September 16, 2020" and to "reimburse the defendants for their attorneys' fees and costs incurred in bringing the instant motion." Order re Defs.' Mot. for Order to Show Cause (ECF No. 185) at 2. The court reiterated that "the plaintiff's failure to file an objection or comply with the court order was intentional and there was no valid explanation for his failure to do so; moreover, he did not act in good faith." Id. at 4. Over a week after the plaintiff was required to produce the documents as ordered, the defendants notified the court that the plaintiff had yet again failed to comply with the court's orders. See Defs.' Status Report (ECF No. 186). On October 13, 2020, the plaintiff moved to vacate the court's order at ECF No. 185. See Pl.'s Mot. to Vacate (ECF No. 193).

On October 5, 2020, the defendants filed an application for attorney's fees and costs in the amount of $42,971.00, as

directed by the Order re Defs.' Mot. for Order to Show Cause
(ECF No. 185). See Defs.' Appl. for Att'y's Fees and Costs (ECF
No. 190) at 2. In lieu of filing a timely response, on November
3, 2020, the plaintiff advised that his motion to vacate doubled
as a response to the application for attorney's fees and costs.
See Pl.'s Mot. for Clarification (ECF No. 200).

On January 19, 2021, the court denied the plaintiff's
motion to vacate the order at ECF No. 185, which compelled the
plaintiff to provide discovery as ordered and directed that the
plaintiff pay the defendants' attorney's fees and costs. See
Order re Pl.'s Mot. to Amend/Modify Order (ECF No. 220). The
court held that the plaintiff failed to file a motion for
reconsideration in a timely manner and that it would not
exercise its discretion to waive the plaintiff's compliance due
to the plaintiff's course of conduct: "The plaintiff has engaged
in a pattern of simply disregarding court orders and deadlines,
which now include not moving to vacate the Order Re Defendants'
Motion for Order to Show Cause until October 13, 2020, even
though he was required to comply with that order by September
16, 2020." Id. at 6. The court also observed that "the plaintiff
has not furnished a reasonable excuse for failing to comply with
the deadline for filing a motion for reconsideration, but rather
has cited to authority in support of his position . . . that is
clearly inapplicable, even though there is authority directly on

point." Id. at 6-7. The court noted that "[i]t is unfair for the defendants to repeatedly incur the expense of addressing both [the plaintiff's] untimeliness and substance without knowing whether the court will require them to reach the substance of the motion." Id. at 7.

In February 2021, having denied the plaintiff's motion to vacate, the court entered an order granting the defendants' application for attorney's fees and costs. See Order Awarding Attorney's Fees and Costs (ECF No. 223) (signed February 16, 2021 and docketed February 17, 2021) ("February 2021 order"). The order required the plaintiff to "pay the defendants $42,971.00 in attorney's fees and costs within thirty days." Id. at 1.

The defendants filed the instant motion on October 15, 2021 because the plaintiff had not paid the amount due in accordance with the court's February 2021 order.

## II. DISCUSSION

The defendants move "for an order compelling Plaintiff to immediately comply with the Court's February 2021 order, that he 'pay the defendants $42,971.00 in attorney's fees and costs within thirty days,'" as well as "attorney's fees incurred in bringing this motion." Defs.' Mot. at 1. "[I]n the event Plaintiff continues not to comply," the defendants also move for "further sanctions, including daily fines or interest on the

unpaid amounts, and, as appropriate, a finding of contempt." <u>Id.</u>

### A.   **Payment of Attorney's Fees and Costs**

The February 2021 order is clear and unambiguous: "The plaintiff shall pay the defendants $42,971.00 in attorney's fees and costs within thirty days." Order Awarding Attorney's Fees and Costs (ECF No. 223) at 1. While the plaintiff did not file a motion for reconsideration at that time, the plaintiff's objection to the defendants' motion could be construed as an untimely motion for reconsideration. <u>See</u> D. Conn. Civ. R. 7(c).

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." <u>Van Buskirk v. United Grp. of Companies, Inc.</u>, 935 F.3d 49, 54 (2d Cir. 2019). As such, motions for reconsideration "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. Civ. R. 7(c). "The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice." <u>Acevedo v. Sklarz</u>, 553 F.Supp.2d 164, 167 (D.Conn. 2008) (citing <u>Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992)). A decision is clearly erroneous where "the district

court's account of the evidence" is not "plausible in light of
the record viewed in its entirety." Anderson v. City of Bessemer
City, N.C., 470 U.S. 564, 574 (1985). "In the context of a
motion for reconsideration, manifest injustice is defined as an
error committed by the trial court that is direct, obvious, and
observable." Corpac v. Rubin & Rothman, LLC, 10 F.Supp.3d 349,
354 (E.D.N.Y. 2013) (internal quotation marks and citation
omitted).

Setting aside the fact that the plaintiff's objection was
filed ten months after the order requiring payment in full by
March 2021, see D. Conn. Civ. R. 7(c)(1) (requiring motions for
reconsideration to "be filed and served within seven (7) days of
the filing of the decision or order from which such relief is
sought"), the plaintiff has not shown an intervening change in
controlling law, the availability of new evidence pertaining to
the award of attorney's fees or costs, or the need to correct a
clear error or prevent manifest injustice. The plaintiff's
objection "seeks solely to relitigate an issue already decided."
Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).
"[L]itigants, the public, and the courts share an interest in
the prompt and efficient administration of justice." J. M.
Cleminshaw Co. v. City of Norwich, 93 F.R.D. 338, 360 (D. Conn.
1981). "[F]ailures of counsel to comply with applicable
discovery rules and court orders threaten that common interest,"

and "reasonable sanctions, carefully and consistently applied, are an appropriate means of deterring further violations and vindicating the public interest." Id. The plaintiff has "not presented any legal authority . . . indicating that the Court lacks authority to compel [the plaintiff] to comply immediately" with the court's order awarding attorney's fees and costs. Li Rong Gao v. Perfect Team Corp., 2014 WL 2465589, *5 (E.D.N.Y. May 30, 2014). "Indeed, courts routinely require litigants to comply with Rule 37 sanctions before litigation is completed." Id. To the extent the plaintiff seeks to have the court reconsider the February 2021 order, that request is denied.

**B.   Further Sanctions**

The defendants request that "[i]n the event Plaintiff continues not to comply with the Court's Order, the Court . . . impose further penalties, up through and including holding Plaintiff in contempt." Def.'s Mot. at 10. The court agrees that, in the event the plaintiff fails to comply with this order, further sanctions are necessary. It concludes that the only sanction that would be effective would be dismissal of the plaintiff's case with prejudice.

Under Rule 41(b), "[i]f the plaintiff fails . . . to comply with . . . a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is "a harsh remedy to be utilized only in extreme situations," Jackson

-9-

<u>v. City of New York</u>, 22 F.3d 71, 75 (2d Cir. 1994), as when
lesser sanctions would not be suitable, <u>see</u> <u>Dodson v. Runyon</u>, 86
F.3d 37, 40 (2d Cir. 1996). In determining whether dismissal is
warranted, a district court should consider "the duration of the
plaintiff's failures," "whether plaintiff had received notice
that further delays would result in dismissal," "whether the
defendant is likely to be prejudiced by further delay," "whether
the district judge has taken care to strike the balance between
alleviating court calendar congestion and protecting a party's
right to due process and a fair chance to be heard," and
"whether the judge has adequately assessed the efficacy of
lesser sanctions." <u>Alvarez v. Simmons Mkt. Rsch. Bureau, Inc.</u>,
839 F.2d 930, 932 (2d Cir. 1988) (quotations and citations
omitted).

Here, the <u>Alvarez</u> factors all weigh in favor of dismissal
if the plaintiff fails to timely comply with this order. First,
the plaintiff will have refused to comply with the court's clear
and unambiguous February 2021 order. Second, the plaintiff has
already received notice, in an order on an earlier motion for
sanctions, that "[f]ailure by the plaintiff to comply with the
[court's orders] will result in . . . sanctions up to and
including dismissal of the plaintiff's action." Order re Defs.'
Mot. to Show Cause (ECF No. 185) at 5. Third, the defendants are
likely to be prejudiced by further delay insofar as they have

repeatedly incurred additional attorney's fees and costs
attempting to secure the plaintiff's compliance with the court's
orders despite the fact that there has been "no justification
for the plaintiff's failure to comply." Id. Fourth, the
plaintiff has consistently been given the chance to be heard but
has chosen to "engage[] in a pattern of simply disregarding
court orders and deadlines." Order re Pl.'s Mot. to Amend/Modify
Order (ECF No. 220) at 6. Fifth, looking at the history of this
matter, the court concludes that lesser sanctions have not
secured, and are unlikely to secure, compliance by the
plaintiff.

Accordingly, if the plaintiff fails to timely comply with
this order, the defendants may file a motion to dismiss this
case with prejudice, and it will be granted immediately.

The court notes that it is simultaneously entering the
Order re Status Report which pertains to the failure by the
plaintiff and his counsel to pay the sanctions entered in
Friedman v. SThree plc, No. 3:14-cv-378 (D. Conn. Sept. 15,
2017). Compliance with this order does not excuse compliance
with the Order re Status Report, so to proceed with this case,
the plaintiff will have to comply with both orders.

**III. ORDERS**

The court orders the following:

(1)  On or before August 12, 2022, the plaintiff shall pay the
     defendants $42,971.00 in good funds and file a notice by
     that date confirming that such payment has been made.

(2)  The defendants' request for reimbursement of attorney's
     fees and costs incurred in bringing the instant motion is
     granted, and they shall file an application for
     attorney's fees by September 7, 2022.

It is so ordered.


Dated this 22nd day of July 2022, at Hartford, Connecticut.


                                     /s/AWT
                              _____
                                 Alvin W. Thompson
                              United States District Judge